**Carl BASS, Petitioner,**

v.

**James KELLY, William Milliken, and Fob James, In their respective official capacities, Respondents.**

No. 80–40260.

United States District Court, E. D. Michigan, S. D.

Aug. 20, 1980.

William Brisbois, Mr. William T. Street, Saginaw, Mich., for petitioner.

Patrick Meter, Chief Asst. Pros. Atty., Saginaw, Mich., Brenda Turner, Asst. Atty. Gen., Lansing, Mich., Jean Brown, Asst. Atty. Gen., Montgomery, Ala., for respondents.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Plaintiff is a black male who was convicted of first-degree murder by a twelve-member jury in Alabama Circuit Court for the Tenth Judicial Circuit, Jefferson County (State Court) on February 21, 1974, and sentenced to life imprisonment on February 22, 1974. The conviction was subsequently affirmed by the Circuit Court of Criminal Appeals of Alabama on May 6, 1975. No appeal to the Supreme Court of Alabama has been taken. Since his conviction, Plaintiff has escaped from custody on two occasions and extradition proceedings seeking his return to Alabama were undertaken in both Oregon and Michigan. Pursuant to Art. IV § 2, cl 2 of the United States Constitution, 18 U.S.C. § 3182, and the Uniform Extradition Act as adopted by Michigan and codified at MCL §§ 780.1–.31 (1970), and in accordance with the Supreme Court decision in *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978) the Governor of Alabama issued a requisition for Plaintiff's extradition. The Governor of Michigan responded by issuing a warrant for Plaintiff's arrest and Plaintiff's extradition was ordered by Judge Eugene Snow Huff of Saginaw County Circuit Court (state court) on July 24, 1980. Said order has been temporarily stayed by this Court's order of July 23, 1980 pending determination of the disposition of this action. 28 U.S.C. § 2251.

This action was brought pursuant to 28 U.S.C. § 2254 and 42 U.S.C. § 1983. Plaintiff cites various constitutional violations in his underlying Alabama State Court conviction and subsequent custody, and contends that further violations of his constitutional rights could result were he extradited to Alabama. Plaintiff's complaint seeks an

order staying his extradition pending a hearing on his civil claims pursuant to 28 U.S.C. § 2243 and 28 U.S.C. § 2251. Plaintiff seeks injunctive relief and a declaratory judgment preventing his extradition and declaring that his extradition and incarceration in Alabama would violate his constitutional rights. 28 U.S.C. §§ 2201, 2202. Furthermore, Plaintiff seeks habeas corpus relief discharging him from custody. 28 U.S.C. §§ 2241, 2254.

Several facts and circumstances of this case and of the theories propounded by Plaintiff make it an unusual application of the actions and remedies cited above. In addition to the traditional civil challenges to his underlying conviction, which include alleged violations of his Sixth and Fourteenth Amendment right to effective assistance of counsel and Fifth and Fourteenth Amendment right against self incrimination, he asserts a variety of violations including a failure to provide a preliminary examination, (waiver not revealed on the record), omission of exculpatory evidence, insufficient voir dire of jury members and witnesses, (or record thereof). (Count I). Plaintiff contends that his extradition and reconfinement in the Alabama prison system would violate the Thirteenth and Eighth Amendments of the Constitution. With respect to the Thirteenth Amendment claim, Plaintiff alleges that his medical treatment by the Alabama prison medical personnel resulted in the amputation of his legs and constituted a "badge of servitude," (Count II). With respect to the Eighth Amendment claim, Plaintiff alleges that returning him to the medical treatment and conditions of confinement in the Alabama prison system would constitute cruel and unusual punishment, (Count III). Plaintiff also frames a 42 U.S.C. § 1983 action citing the same Constitutional violations set forth above, (Count IV).

Plaintiff's petition names three Defendants, James Kelly, Sheriff of Saginaw County; William Milliken, Governor of the state of Michigan; and Fob James, Governor of the state of Alabama. While the original action was instituted against Defendants in their official capacities, leave to amend the complaint to state a cause of action against Defendant governors individually as well as in their official capacities was granted by oral order at the hearing held on August 8, 1980.

Upon filing the complaint on July 23, 1980, this Court held a hearing on that date to determine the nature of Plaintiff's claims and to develop and define the manner of proceeding. Finding sufficient questions were raised as to the Constitutionality of Plaintiff's confinement, but there not being sufficient time nor information for proper evaluation of Plaintiff's claims, due to the impending extradition hearing scheduled for the next day, this Court issued an order temporarily staying the effect of the state extradition proceedings pending proper response by parties and a determination of this Court's jurisdiction and venue. 28 U.S.C. § 2251.

An answer and brief in opposition to the complaint were filed on July 24, 1980, on behalf of Defendant Sheriff Kelly. While Defendant Kelly does not dispute the jurisdiction of this Court and acknowledges that Plaintiff is in custody in the Saginaw County Jail pursuant to the Governor's warrant, Defendant Kelly affirmatively asserts that this Court's inquiry and power to grant the relief prayed for is limited by *Michigan v. Doran, supra,* and that in any event, the state of Alabama is the more appropriate and convenient forum for the evaluation of Plaintiff's claims of violations of Plaintiff's constitutional rights. Furthermore, Defendant Kelly asserts that Plaintiff has failed to exhaust his state court remedies including appeal to the Supreme Court of Alabama, and application for the writ of error coram nobis or coram vobis. *See e. g. Winegar v. Corrections Dept.,* 435 F.Supp. 285 (D.C.Mich., 1977) aff'd. 582 F.2d 1281, (1978); *But see Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); and *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (decisions exploring the relationship of habeas corpus and § 1983 actions and the exhaustion requirement). Finally, Defendant Kelly asserts that certain issues raised

by Plaintiff in this action have already been litigated in a prior § 1983 action in the United States District Court sitting in Alabama and subsequently affirmed by Fifth Circuit and are therefore res judicata. *See Bass v. Sullivan,* # 75–71–N, (M.D.Ala., 1975) aff'd, 550 F.2d 229 (5 Cir. 1977); *cert den* 434 U.S. 864, 98 S.Ct. 195, 54 L.Ed.2d 138 (1977).

The Defendant Governor of Alabama takes a position similar to that of Defendant Sheriff. The Governor of Alabama objects to the forum, to this Court's review of the extradition proceedings as limited by *Michigan v. Doran* and to Plaintiff's failure to exhaust available state remedies.

Defendant Governor Milliken filed a motion to dismiss pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief may be granted. While Defendant Governor does not dispute the general jurisdiction of this Court to consider Plaintiff's claim, Defendant Governor Milliken asserts he is an improper party to the action inasmuch as Rule 2 of § 2254 provides that "the state officer *having custody* of the applicant shall be named as respondent." (emphasis added) Furthermore, Defendant Governor Milliken asserts that the decision to extradite is an executive decision beyond this Court's review, *Michigan v. Doran, supra; Ex parte Dennison v. Kentucky,* 24 How. 66, 16 L.Ed. 717 (1861), and that the state of the underlying controversy, that is Alabama, is the preferred district for consideration of the habeas claim. Defendant Governor Milliken also challenges the propriety of the § 1983 action brought against him claiming that an action against a governor constitutes an improper action against the state and furthermore that the extradition proceedings are invoked pursuant to Federal Constitutional law rather than under color of state law as required by § 1983. In this regard Defendant relies upon the fact that the Uniform Extradition Act was adopted in Michigan pursuant to the extradition clause of the Federal Constitution.

Oral arguments on Defendant Governor's motion to dismiss and the general order to show cause why Plaintiff's habeas claim should not be considered by this Court were heard on August 8, 1980. The matter was taken under advisement in order to evaluate the nature of Plaintiff's claims, to determine this Court's jurisdiction over the action, to resolve the question of proper or appropriate venue and if necessary, to evaluate the proper parties and scope of review of matters raised in the petition.

While none of the parties have challenged the jurisdiction of this Court to consider Plaintiff's petition, this Court considers it advisable to specifically address the matter beyond mere citation of 28 U.S.C. § 2254 or 42 U.S.C. § 1983. (See FRCP 12(h)(3) where subject matter jurisdiction may be questioned or challenged at any stage of the proceeding on the Court's own motion). Thus, consideration is called for in light of the unusual circumstances, theories, situs of the action and the effect of the extradition process in satisfying the custody requirement of 28 U.S.C. § 2254. As previously stated, Plaintiff has escaped from Alabama where he was incarcerated pursuant to a state court conviction for first-degree murder. The conviction was later affirmed by the Alabama Court of Criminal Appeals. Petitioner sought asylum first in Oregon but fled that state when he learned extradition would be effected there. (See Plaintiff's affidavit filed August 7, 1980, at ¶ 13 and Plaintiff's affidavit filed July 22, 1980 at ¶ 9). Plaintiff's flight to Michigan resulted in the extradition proceedings here involved and the jurisdiction of this Court was achieved in part by virtue of the timing of Plaintiff's complaint (prior to the State Court ordering extradition) and was acted upon by this Court's stay of the effect of the extradition proceedings in the State Court.

28 U.S.C. § 2241 provides that writs of habeas corpus may be granted by the District Courts within their respective jurisdictions. The Supreme Court decision of *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443, (1973) addressed the question of the jurisdiction of federal courts to consider habeas corpus

claims and the proper forum for § 2254 habeas actions. It concluded that "habeas corpus does not act upon the prisoner but upon the person who holds him" and that the language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian and does not require the physical presence of the prisoner within the geographical jurisdiction. *Id.* at 494, 495, 93 S.Ct. at 1129, 1130. While the Court pointed to §§ 2255 and 2241(a) as exemplifying Congress' recognition of the desirability of having habeas cases resolved in a court with close contact with the underlying controversy, the court carefully stated that nothing on its opinion should be taken to preclude the exercise of concurrent habeas corpus jurisdiction in the district of confinement. *Id.* at 499 n. 15, 93 S.Ct. at 1131 n. 15.

At the time this action was filed, Plaintiff was in the custody in the Saginaw jail pursuant to Governor Milliken's arrest warrant awaiting the final State Court hearing on his extradition pursuant to Art. 4 § 2, cl. 2 of the federal Constitution 18 U.S.C. § 3182, M.C.L.A. § 780.2; M.S.A. § 28.-1285(2), and *Michigan v. Doran, supra.* Thus the Sheriff acknowledged he had direct custody of Plaintiff, first pursuant to Governor's warrant and later by virtue of the State Court order ordering Plaintiff's extradition. By issuing a stay of the effect of that court order, this court merely acted to preserve the status quo in order to further examine its jurisdiction and the propriety of Plaintiff's habeas claims. 28 U.S.C. § 2251.

Thus, there can be no question as to this court's jurisdiction to entertain Plaintiff's petition for habeas corpus in this case. Plaintiff was clearly in custody in Michigan, this court had jurisdiction over the custodian, Sheriff Kelly, and the order staying the effect of the state court extradition order was within this court's power. *See Braden, supra,* (State holding the prisoner in immediate confinement acts as agent for the demanding state).

While this court's assumption of jurisdiction falls within the express terms of the habeas corpus statute and the accompanying rules, some attention should be paid to the scope of this court's review in light of Plaintiff's other theories, and this court's order staying the effect of state extradition order.

Defendants argue that this Court's consideration of Plaintiff's claims that extradition would violate his civil rights called upon this court to engage in an analysis beyond the limited grounds set forth in *Michigan v. Doran.* *See also State ex rel. Bailey v. Shepard,* 584 F.2d 858 (8 Cir. 1978) and *Drew v. Thaw,* 235 U.S. 432, 35 S.Ct. 137, 59 L.Ed. 302, (1914). *Michigan v. Doran* involved state habeas corpus extradition proceedings in Michigan, the asylum state, for a Defendant charged with a crime in Arizona, the demanding state. The decision generally limited state court review of the governor's executive determination to extradite pursuant to the relevant constitutional and statutory provisions and held that once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the courts of the asylum state. *See also State ex rel. Bailey v. Shepard, supra.*

As has been stated in various Supreme Court decisions, caution should be exercised where federal intervention would interrupt a state proceeding, jeopardize the orderly administration of state judicial business or imperil the relations between state and federal courts. *See Preiser v. Rodriguez, supra,* 411 U.S. at 521, 93 S.Ct. at 1852. Furthermore, when a person seeks to challenge his proposed extradition in a habeas corpus action brought in the asylum state, the issues open for review are extremely limited. *See Drew v. Thaw, supra; State v. Shepard, supra.* Finally, when a potential conflict between the extradition clause and some other Constitutional provision has been recognized, the Supreme Court suggests that the extradition clause be interpreted so as to avoid the conflict. *See Michigan v. Doran,* 439 U.S. p. 294 n.5, 99 S.Ct. p. 538 n.5, 58 L.Ed.2d p. 531, n.5.

In this case, the potential conflict and interruption of state proceedings involves the stay of the effect of the extradition order and Defendants' concern that Plaintiff's claim seeks this Court's consideration of the underlying basis for the extradition.

This Court finds Defendants' concerns unwarranted and their reliance on *Michigan v. Doran* misplaced. First, as has already been discussed, the Court's stay of the effect of the extradition proceeding was pursuant to 28 U.S.C. § 2251 and was undertaken merely to preserve the status quo—i. e., to take jurisdiction at that time in order to evaluate whether it had proper jurisdiction. Second, the *Michigan v. Doran* decision is inapposite. Whereas *Michigan v. Doran* involved a petition on habeas corpus in the asylum state court where petitioner had been charged but not convicted in the demanding state, (and the state court undertook an examination of probable cause for arrest), the petitioner in the case at bar has already been charged, tried and convicted.

It must be noted that there are many uses of the writ of habeas corpus.[1] The State court in *Michigan v. Doran* entertained a habeas corpus action testing the legality of interstate rendition. In so doing, the court focussed on the purpose of the extradition clause which it found was intended to bring offenders *to trial* as soon as possible in the state where the alleged offense was committed. *See Biddinger v. Commissioner of Police*, 245 U.S. 128, 132–133, 38 S.Ct. 41, 42–43, 62 L.Ed. 193 (1917) cited in *Michigan v. Doran*, 439 U.S. at 286, 99 S.Ct. at 534, 58 L.Ed.2d at 526. Hence the validity of petitioner's conviction on the underlying charge was not at issue in *Michigan v. Doran*. The Court held that to allow plenary review in the asylum state of issues that can be fully litigated in the demanding state, specifically probable cause for arrest, fn.5, would defeat the plain purpose of the summary and mandatory proceedings authorized by Art. IV § 2, cl. 2 of the Constitution. *See Sweeney v. Woodall*, 344 U.S. 86, 90, 73 S.Ct. 139, 140, 97 L.Ed.2d 114, (1952) cited in *Michigan v. Doran*, 439 U.S. at 289, 99 S.Ct. at 535, 58 L.Ed.2d at 528.

On the other hand, Plaintiff in this case seeks traditional habeas corpus review of the constitutionality of his underlying conviction. See Claim I of Petitioner's complaint. Such a claim has traditionally been viewed as seeking equitable relief necessitating a probe into the constitutional matters and possible constitutional violations underlying the conviction. *See ·Stone v. Powell*, 428 U.S. 465, 478 at fn.11, 96 S.Ct. 3037, 3044 at fn.11, 49 L.Ed.2d 1067 (1976).

Whereas the habeas review sought in *Michigan v. Doran* and *State ex rel. Bailey v. Shepard* would require speculation on the part of the Court in the assessment of the constitutionality of petitioners' confinement, no such speculation is required in a case such as the one at bar. Rather, in claim I, Plaintiff seeks review of his underlying conviction in a manner traditionally contemplated by writs of habeas corpus. Support for this distinction is found in fn.8 of the separate concurring opinion in *Michigan v. Doran* written by Justice Blackmun and joined by Justices Brennan and Marshall. The passage states that "The nature of habeas corpus relief in the court of the demanding state and federal courts is not an issue in this case." *See also State ex rel. Bailey v. Shepard* where petitioner sought to bring a habeas corpus proceeding claiming extradition would violate constitutional protections against double jeopardy. The court held that under the limited review in extradition proceedings, the claim could not be considered in a habeas corpus proceeding. The court held that it is well established that federal constitutional challenges to *prospective* state criminal incarceration must first be litigated in the courts of the

---

1. The most litigated uses of the writ is as an extraordinary post-conviction remedy for prisoners who claim a federal defect in their convictions. The writ also provides a mechanism for Constitutional attack upon official claims of power to detain; judicial review of decisions of other agencies resulting in detention in violation of Constitutional guarantees, testing the sufficiency of cause for commitment, denial of bail, legality of interstate rendition, extradition to foreign counties, conditions of confinement, etc.

demanding state. *See also Drew v. Thaw, supra,* where the court addressed the interfacing of habeas corpus review and extradition proceedings and set out similar limitations on the asylum court's review of extradition demands. In *Drew,* an accused was indicted by a grand jury for escape from custody after having been committed to a state hospital under a court order reciting that he had been acquitted at his trial upon a former indictment upon the ground of insanity. The State of New York sought interstate extradition and the Supreme Court held that the motive which induced the departure from the demanding state has no bearing upon the question of whether he is a fugitive from the justice of that state for the purpose of interstate extradition and that the purpose of the writ is not to substitute the judgment of another tribunal upon the facts or the law of the matter to be tried. The Court concluded that the constitutionally required surrender in extradition is not to be interfered with by the summary process of habeas corpus upon *speculations* as to what ought to be the result of a trial in the place where the Constitution provides for its taking place. *Drew v. Thaw,* 235 U.S. at 440, 35 S.Ct. at 138.

Having satisfied itself that jurisdiction over petitioner's habeas claim is proper, the court faces the question of whether to exercise of its power to consider Plaintiff's claims. *See Stone v. Powell, supra,* 428 U.S. 465, 478 at fn.11, 96 S.Ct. 3037, 3044 at fn.11, 49 L.Ed.2d 1067, citing *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976). This raises the questions of immunity, efficient administration of justice and convenience of forum. As already discussed, traditional consideration of such claims takes into account the question of venue and most convenient forum and are properly considered in habeas cases. *See Braden, supra,* and *Aherns v. Clark,* 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948). *See also, Michigan v. Doran, supra,* 439 U.S. at 289–91, 99 S.Ct. at 535–37, 58 L.Ed.2d at 228–9, 28 U.S.C. § 1404(a).

Plaintiff contends that to transfer the case to federal court in Alabama would preclude the relief sought by Plaintiff, that is, an injunction against his extradition and his incarceration in Alabama. Allusions are made to possible prejudice in the federal forum in Alabama inasmuch as the judge apt to hear Plaintiff's claim is the judge who earlier denied Plaintiff's § 1983 action regarding medical attention. (The federal official currently charged with responsibility for monitoring compliance by Alabama corrections officers with the court decrees in *Newman v. Alabama, supra,* is the same federal official who rendered a decision on petitioner's § 1983 action). Plaintiff contends that the special circumstances of this case including his escape, the gross constitutional violations at trial and alleged 8th and 13th Amendments violations (Claims II and III), make consideration of his claims in this forum appropriate.

Defendants on the other hand, contend that Plaintiff is merely seeking federal habeas corpus review of his conviction and that the considerations set forth in *Braden* are applicable here. Defendants contend that Alabama is the forum most closely associated with the underlying controversy and that traditional facts considered in evaluating convenient forum [1404(a) interests of parties and witnesses and of justice, including familiarity with the applicable law], make Alabama the most appropriate forum. *See Braden,* 410 U.S. at 492 n.7, 93 S.Ct. at 1128 n.7, 35 L.Ed.2d at 451 n.7.

■ Upon consideration of this venue question and the interests raised by the parties, this Court finds that the federal court in Alabama is the most convenient forum. It is in Alabama where all of the material events took place, that the records and witnesses pertinent to petitioner's claims are likely to be found and, upon petitioner's extradition, that forum is equally convenient for petitioner and respondent. With respect to petitioner's Thirteenth and Eighth Amendment claims (Counts II and III), the Court concludes that such claims do not warrant a stay of the effect of the

extradition proceedings and trial in Michigan. Petitioner has not submitted sufficient evidence at this time to support his claim that extradition would itself constitute a violation of the Thirteenth and Eighth Amendments. The Court declines to speculate as to such possible constitutional violations, and notes that upon transfer of venue, the Alabama forum will be available to litigate such claims, should petitioner choose to pursue them.[2]

While the Court's decision is based upon the facts normally associated with questions of transfer of venue, and availability of a forum in which to raise all his claims, the Court also notes its concern that assumption of jurisdiction in this Court and retention for consideration of such cases could result in a sort of forum shopping by escaped state prisoners seeking habeas review. In effect, Plaintiff calls upon this federal district court to consider habeas claims challenging state convictions of foreign states merely because the petitioner has managed to escape and alleges certain constitutional violations in his confinement and conviction. [See testimony of Plaintiff upon his capture in Michigan and petitioner's affidavit indicating he fled Oregon when he discovered that the Governor of Oregon intended to issue a warrant of extradition. He then sought asylum in Michigan having heard it was a preferable or more lenient state in which to seek asylum. Transcript of state habeas hearing July 25, 1980, pp. 16–20.] Although Plaintiff attempts to limit his request to what he regards as the unique facts underlying this case, the Court cannot help but note that extradition proceedings are routine and that a federal habeas corpus petition is readily available to *state* prisoners without any time limitations and generally without a filing fee.

Due to its disposition of this action, the court has deliberately declined to consider several other potential issues in the case. The court has characterized the action as one for habeas corpus relief and has not ruled on Plaintiff's § 1983 action. While the court has some reservations about the viability of the § 1983 action in light of *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), it deems it unnecessary and inappropriate to evaluate the claim at this juncture. Nor has the court addressed Defendant Governor's motion to dismiss. In fact, in view of the transfer of venue and dissolution of the stay of the order of extradition to Alabama, the parties themselves may agree to dismiss the Defendants associated with Plaintiff's incarceration in Michigan. Needless to say it is unnecessary and inappropriate for this Court to assess the legal propriety of the specific constitutional objections raised in Plaintiff's petition for habeas corpus. *See e.g., Stone v. Powell, supra*, (substantive claims cognizable on habeas corpus) and *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (exhaustion/waiver).

This opinion cannot close without several further comments.

*First*: This Court is not in any way disparaging the petitioner's claims. They are, except those concerning possible Eighth and Thirteenth Amendment violations, clearly appropriate for consideration by this federal court and may all be pursued in federal court upon transfer to Alabama of this combination § 1983 and habeas action.

*Second*: Petitioner's claims of rights denials in his state court prosecution are subject to both investigation and adversarial presentation before a court of competent jurisdiction. *See* Rules 6, 7, 8 of 28 U.S.C.

**2.** The court notes, and petitioner himself acknowledges, that his § 1983 claim regarding the amputation of his legs was fully litigated and that the decision finding no constitutional violation is res judicata. *See Bass v. Sullivan*, et al., constitutional action # 75–71–N, (M.D. Ala., 1975); aff'd 550 F.2d 229 (5th Cir. 1977); *cert. den.* 434 U.S. 864, 98 S.Ct. 195, 54 L.Ed.2d 138 (1977). Furthermore, it should be noted that the conditions of confinement and health care in the Alabama prison system have been the subject of litigation in *Newman v. Alabama*, 349 F.Supp. 278 (M.D.Ala., 1972) and compliance with that decision, the medical care provided in the Alabama penal system is presently being monitored by the United States District Court for the Middle District of Alabama, Northern Division.

2254. This will in all likelihood require proper pre-trial discovery and a trial or evidentiary hearing to resolve disputed factual issues such as:

1) What did petitioner's state court counsel do for trial preparation?

2) What would he have found out and the effect thereof if he had done that which petitioner now says he should have done?

3) Were blacks systematically excluded from the panel from which petitioner's state court jury was selected? Were any blacks challenged after initial selection?

4) Will petitioner be the subject of reprisals of the Alabama penal system because of this action or any prior action or his escapes?

These and many more factual questions must be resolved.

*Third* : Petitioner, without so stating, implies that a United States Court sitting in Alabama will be incapable of considering or reluctant to consider petitioner's constitutional complaint in good faith and in fulfillment of its obligations. Petitioner thus disparages the federal courts in Alabama and the Fifth Circuit without any factual basis therefor. This Court cannot subscribe to this theory. The oath and obligation of a United States Judge in Alabama are identical to the oath and obligation of a United States Judge in Michigan. In accordance with the oath and obligation undertaken by the undersigned, this Court finds it is without an adequate legal reason to prevent a) the extradition of petitioner to Alabama and b) the transfer of this cause to the United States District Court for the Middle District of Alabama for that court to consider petitioner's claims. It would be an injustice for this Court on this record to hold that a United States Court in Alabama would not give to petitioner's claims the full, fair and just consideration to which those claims and this petitioner are entitled. It must be assumed that both courts are equally responsible participants in our system of justice and equally devoted to the protection of petitioner's rights until the contrary is established. The contrary has not been established.

*Fourth* : The pendency of this action in the Alabama federal court which supervises prison conditions in Alabama is a sufficient deterrent to any threat of reprisal by the penal authorities and adequately addresses the dangers foreshadowed by petitioner.

*Fifth* : The fourth point requires additional comment. This record shows neither past reprisals nor threat of future reprisals by the penal authorities. Petitioner in his brief has made references to historical reprisals and to the conduct of individuals in the South in days long since past. Such conduct is no longer legally nor morally accepted or approved anywhere in our land. To avoid the accusation of naivete, it is necessary to add that this Court is aware that brutality and vengeance are still present in our penal systems. But that is not the exclusive province of the South. The history in the North in this regard establishes that the prisons of the North are not free of culpability. The plain hard facts of this case are a) that there is neither evidence nor reason to believe that petitioner will be abused in Alabama and b) that the tragic loss of his legs was not in any way attributable to reprisals, vengeance, brutality or maiming as a badge of servitude. The § 1983 action in the District Court in Alabama and its review by the Fifth Circuit clearly establishes the fact that petitioner's frostbite or trench foot, and the resulting gangrene and amputations were not the result of an attempt to violate petitioner's rights. At most it was the result of medical malpractice which remains the subject of civil litigation pending in Alabama. His civil litigation under § 1983 for denial of constitutional rights relating to the amputations was tried in the Alabama federal court and affirmed in the Fifth Circuit. Apparently, petitioner's references to historical atrocities was intended to substitute for the lack of any factual allegations or evidence by way of affidavit

to support the claim that a mere return to Alabama would be a violation of his rights.[3]

*Sixth*: The brief of petitioner's was of exceptional quality and acknowledgment is due. Nevertheless, it fails to establish that a return to Alabama by the petitioner is in and of itself, as argued, cruel and unusual punishment. Moreover, it fails to convince the Court that it should disregard the Supreme Court's clear intention that actions such as this should be undertaken and pursued in the federal court in Alabama, the state of the underlying controversy.

In view of the foregoing, the order staying the state court's order of extradition is dissolved and this case is transferred to the United States District Court for the Middle District of Alabama as the court of most convenient venue.

IT IS SO ORDERED.

---

**3.** In no way are these findings intended to preclude discovery or evidentiary hearings upon transfer should the parties or court deem such proceedings to be necessary. *See* ¶ 2 supra.