Jerald Lee BREEZE, Appellant,

v.

Myrna TRICKEY and Attorney General
of Indiana, Appellees.

No. 86–2390.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1987.

Decided July 27, 1987.

Springfield Baldwin, St. Louis, Mo., for appellant.

David A. Arthur, Asst. Atty. Gen., Indianapolis, Ind., for appellees.

Before LAY, Chief Judge, ARNOLD and WOLLMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Jerald L. Breeze was a Missouri inmate when he brought this proceeding. He appeals the District Court's [1] dismissal under Fed.R.Civ.P. 12(b)(6) of his petition for a writ of habeas corpus. The District Court, upon the recommendation of the Magistrate,[2] held that Breeze had not exhausted his state remedies before filing his federal petition. We affirm, noting that the dismissal is without prejudice to the appellant's refiling once state procedures have been exhausted.

On June 19, 1984, while the appellant was serving a Missouri sentence for a narcotics violation, he was informed that the State of Indiana had filed a detainer against him for alleged violation of the narcotics laws of that state. He promptly requested speedy disposition of the pending Indiana charges, as he was entitled to under Article III of the Interstate Agreement on Detainers. Both Missouri and Indiana are parties to the Agreement, R.S. Mo. § 217.490 and Ind.Code § 35–33–10–4. He was transferred to Indiana for disposition of the pending charges, and on April 10, 1985, with the assistance of counsel, he pleaded guilty to dealing in a narcotic drug and a conspiracy count and was sentenced to fifteen years, the sentences to run concurrently with the Missouri sentences. He was then retransferred to Missouri to complete service of his sentence there.

In 1986, the petitioner neared completion of his Missouri sentence and was about to

---

1. The Hon. George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

2. The Hon. William S. Bahn, United States Magistrate for the Eastern District of Missouri.

be transferred to Indiana to complete the sentence which had been imposed there. On June 19, 1986, he filed this petition. In it, he alleged that the Indiana sentence was invalid because (1) Indiana had violated Article III of the Agreement by delaying over 180 days after his request before commencing proceedings against him; and (2) his attorney had been ineffective in failing to file a motion asking dismissal of the Indiana charges because of the State's failure to satisfy the speedy-trial requirements of the Agreement.

Breeze never presented his challenge to the courts of Indiana, the state in which he was convicted. Instead, he sought review in the state courts of Missouri. His petitions challenging the Indiana convictions were dismissed by the Missouri courts, Petition at 3a, D.R. at 3.

The District Court dismissed the petition because Breeze had failed to exhaust his Indiana remedies. The substance of the petition, i.e., whether the Indiana sentence is valid, was not addressed in the District Court and cannot be reached here. Our only question on review is whether Breeze's attempt to gain review of an Indiana sentence in the courts of Missouri constituted exhaustion of his state remedies.

The exhaustion requirement in 28 U.S.C. § 2254(d) is based on the notion of federal-state comity, *Preiser v. Rodriguez*, 411 U.S. 475, 491, 93 S.Ct. 1827, 1837, 36 L.Ed.2d 439 (1973). Comity, in this context, represents a commitment on the part of the federal courts to allow the states to review decisions of their own tribunals and, if necessary, correct errors arising therein, before the federal courts intervene. Breeze's connection with Missouri and with the courts of that state was related to his Missouri conviction, not the Indiana one. A review of his Indiana sentence in the courts of a foreign state would not satisfy the " 'proper respect for state functions,' " *ibid.*, quoting *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971), which underlies the exhaustion requirement. The requirement of exhausting state remedies is not merely a procedural technicality which a petitioner may satisfy by petitioning any state court; it is designed to protect the interests of the state whose judgment is under attack.

On appeal, Breeze contends that his petition was in fact a challenge to Missouri's act of transferring him to Indiana upon his Missouri parole, for the purpose of serving the remaining portion of his Indiana sentence. He asserts that Article IV of the Agreement guarantees him the right to challenge such a transfer in the "sending state" (*i.e.*, Missouri), and that in that way he can achieve a review of the propriety of the Indiana sentence without exhausting the post-conviction relief procedures of the state which sentenced him. This contention must fail.

The Agreement contains two separate methods for dealing with detainers. Article III entitles the prisoner to demand a speedy disposition of the charges underlying the detainer, in the state in which those charges lie. Article IV, on the other hand, allows the charging state to initiate a request for temporary transfer of the prisoner to stand trial on the charges. If the prisoner does not want to stand trial at that time, he is entitled to challenge the detainer itself, and to do so in the state in which he is being held. *Cuyler v. Adams*, 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981). In 1984, Breeze chose the Article III method, by demanding prompt disposition of the Indiana charges. As a consequence, he was temporarily transferred to Indiana, pleaded guilty, and was sentenced, and then returned to Missouri to serve out his Missouri sentence.

Article IV involves the transfer of a prisoner against his will to another state to stand trial on a pending "untried indictment, information or complaint," Agreement, Art. IV, § 1, R.S. Mo. § 217.490. It has nothing to do with the transfer after service of sentence to another state to serve there a sentence which has already been imposed, particularly if, as in this case, the prisoner himself requested disposition of the matter which resulted in that sentence. *Cuyler* holds that a prisoner being transferred against his will under

Article IV has the right to a pre-transfer hearing such as that authorized under the Uniform Criminal Extradition Act (see R.S. Mo. §§ 548.011 to 548.300). The provisions of the Agreement on Detainers allow the prisoner either to demand speedy trial on the underlying charge, or else, if the detainer itself is defective, to make a limited challenge to the detainer under the Extradition Act. These provisions serve a remedial purpose by promoting certainty in the corrections process. A prisoner who is to be subject at some later date to additional punishment of unknown duration and character is less likely to be responsive to the rehabilitative and corrective aspects of his incarceration. See *Cuyler*, 449 U.S. at 448–50, 101 S.Ct. at 711–12. None of these concerns arises in the present instance, where Breeze has already subjected himself to the Indiana courts and has received his sentence. We hold that Article IV of the Agreement on Detainers has no application to transfers for the purpose of serving out a sentence, particularly where the prisoner has exercised his right under Article III to demand disposition of the detainer by means of trial on the charges. Consequently, Breeze's attempt to challenge the validity of the Indiana sentence through petitions in the Missouri courts did not serve to exhaust his state remedies. The decision of the District Court is affirmed. The dismissal is without prejudice to Breeze's right to return to an appropriate federal court with a petition for habeas corpus if, on some future date, he has presented his argument to the courts of the State of Indiana and has been rebuffed there.

We are grateful to Breeze's appointed counsel for his diligent and vigorous service.