Michael J. WEATHERFORD, Petitioner,

v.

John GLUCH and Indiana Attorney General, Respondents.

Civ. A. No. 88CV–71013–DT.

United States District Court, E.D. Michigan, S.D.

Dec. 16, 1988.

Edward C. Wishnow, Southfield, Mich., for petitioner.

Kermit R. Hilles, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

Petitioner, Michael J. Weatherford, presently confined at the Federal Correctional Institution in Milan, Michigan, has filed this *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 8, 1978, he was convicted of dealing in a controlled substance after a jury trial in Tippecanoe Circuit Court and was found to be an habitual offender. He was sentenced to five years imprisonment for dealing in a controlled substance and life imprisonment for being an habitual offender.

The Tippecanoe Circuit Court denied Petitioner's timely motion to correct errors by the trial court in an order dated May 24, 1979. (Docket No. C–4116). Petitioner then filed a timely notice of appeal in the Indiana Supreme Court. He filed the record on appeal on April 30, 1980. In an order dated November 26, 1980, the Indiana Supreme Court granted Petitioner leave to file a petition for post-conviction relief in the trial court and dismissed the original appeal. (Docket No. 879 S 226).

On August 27, 1981, the Tippecanoe Circuit Court denied the petition for post-conviction relief because Petitioner had escaped from confinement and was a fugitive from justice. (Docket No. C–4116). The Indiana Supreme Court, in an order dated January 28, 1982, dismissed Petitioner's appeal of the circuit court's denial of post-conviction relief because he failed to file the record in a timely manner. (Docket No. 879 S 226). In April, 1984, Petitioner was apprehended in Florida. The Tippecanoe Circuit Court denied another petition for post-conviction relief, in an order dated September 26, 1985, because Petitioner's failure to timely pursue an appeal caused him to waive issues which could have been raised on appeal. (Docket No. C–4116). The Indiana Supreme Court affirmed the circuit court's decision. *Weatherford v. State,* 512 N.E.2d 862 (Ind.1987).

Petitioner filed this application for habeas relief on March 16, 1988. The petition raised four claims:

A. An unconstitutionally obtained juvenile conviction was improperly used as a basis for Petitioner's habitual offender sentence.

B. The trial court erroneously permitted the use of inadmissible and unreliable evidence.

C. Petitioner was denied due process where he was excluded from certain critical stages of the proceedings.

D. Petitioner's constitutional right to appeal his sentence was violated where his appeal was dismissed after he became a fugitive and he was not allowed to reinstate the appeal upon recapture.

Petitioner challenges the lawfulness of the Indiana Attorney General's detainer and raises questions of Indiana state law but has filed his petition in a federal court in the state of his confinement, Michigan, rather than the state which convicted him, Indiana. This Court does have jurisdiction over Petitioner's present custodian, John Gluch, under 28 U.S.C. § 2241 which provides:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit court shall be entered in the records of the district court of the district wherein the restraint complained of is had.

However, the Court finds that the United States District Court for the Northern District of Indiana is the more convenient and proper forum for this action.

A change of venue may be ordered pursuant to 28 U.S.C. § 1404(a). Section 1404(a) states:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), the petitioner escaped from the custody of Kentucky officials who were transporting him from California to Kentucky to stand trial on an indictment. He was later arrested and confined in Alabama. He filed a habeas corpus petition in the United States District Court for the Western District of Kentucky challenging the Kentucky indictment. The respondent argued that the district court lacked jurisdiction because the petitioner was confined outside the district. *Id.* 410 U.S. at 485–87, 93 S.Ct. at 1125.

In holding that the Western District of Kentucky was the most appropriate forum for adjudication of the petition, the Supreme Court noted that Kentucky was the place where the material events took place and where the records and witnesses pertinent to the petitioner's claims were likely to be located. The difficulties of transporting witnesses and records from Kentucky to Alabama where the petitioner was confined outweighed the expense and risk of transporting the petitioner to Kentucky if a hearing was necessary. It would also be easier and less expensive for the State of Kentucky to litigate the claims in one of its own federal district courts. *Braden, supra,* 410 U.S. at 493–94, 93 S.Ct. at 1128–29.

The Court further concluded that a district court's jurisdiction is not limited to cases where the petitioner is confined within its territorial jurisdiction. The Court stated:

> The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be a unlawful custody....
>
> Read literally, the language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ "within its jurisdiction" requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custo-

dy, even if the prisoner himself is confined outside the court's territorial jurisdiction.

*Braden, supra* 410 U.S. at 494–95, 93 S.Ct. at 1129.

Similar to *Braden,* Petitioner seeks to challenge a conviction received in a state other than the one in which he is confined. Unlike *Braden,* Petitioner has chosen to file his petition in the federal district court which governs the place of his confinement, the Eastern District of Michigan. However, for the reasons stated in *Braden,* the United States District Court for the Northern District of Indiana which governs the court that convicted Petitioner is the proper forum. Since the material events took place in the Northern District of Indiana and records and witnesses are also likely to be located there, it would be easier and less costly for the State of Indiana to litigate Petitioner's claims in that state. Should a hearing prove necessary, as Respondent contends, the cost and inconvenience of bringing records and witnesses from Indiana to Michigan outweighs the cost and risk of transporting Petitioner from Michigan to Indiana.

A judge of this Court has previously addressed the question of proper venue in *Bass v. Kelly,* 504 F.Supp. 776 (E.D.Mich. 1980). The facts in *Bass* are almost identical to the instant action. In *Bass,* the petitioner filed a habeas petition in the United States District Court for the Eastern District of Michigan where he was confined. He sought to challenge an Alabama conviction and the conditions of his confinement in the Alabama prison from which he escaped. This Court clearly had jurisdiction over the petitioner's custodian. *Id.* at 777–80.

Nevertheless, Judge Stewart A. Newblatt held that a federal district court in Alabama was the most convenient forum in *Bass.* Judge Newblatt took into consideration the fact that a federal district court in Alabama would be more familiar with Alabama law. Alabama was also where the material events occurred and the likely location of pertinent records and witnesses. Judge Newblatt was also concerned that

this Court's retention of jurisdiction might result in forum shopping by escaped state prisoners seeking habeas relief. *Id.* at 782–83. Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus is transferred to the United States District Court for the Northern District of Indiana as the court of most convenient venue.