Howard P. PARETTE, Jr., Appellant,

v.

A.L. LOCKHART, Director, Arkansas
Department of Correction; Willis
Sargent, Appellees.

No. 90-2397.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 6, 1991.

Decided Feb. 28, 1991.

Robert Remet, Star City, Ark., for appellant.

William F. Knight, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before McMILLIAN, FAGG, and MAGILL, Circuit Judges.

PER CURIAM.

Howard P. Parette, Jr., appeals the magistrate judge's[1] order dismissing without prejudice his 28 U.S.C. § 2254 petition. We affirm.

Parette's habeas petition challenged the validity of a detainer filed by Louisiana with the Arkansas Department of Correction (ADC). Louisiana filed the detainer to ensure that Parette would be returned to that state to satisfy a previously imposed sentence. Parette claimed the detainer was invalid because Louisiana failed to execute a re-extradition agreement with Arkansas authorities before turning him over, as required by Louisiana law. The magistrate judge dismissed the petition without prejudice, concluding he lacked jurisdiction over the claim, and directed Parette to refile his petition in a federal district court in Louisiana. On appeal, Parette contends (1) the magistrate judge erred by concluding the only proper forum for his claims is a federal district court in Louisiana; and (2) Louisiana's detainer is invalid because the state intentionally waived its jurisdiction over him.

■ We agree with Parette that the magistrate judge erred by concluding he lacked jurisdiction to determine the validity of the Louisiana detainer. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 499 n. 15, 93 S.Ct. 1123, 1131 n. 15, 35 L.Ed.2d 443 (1973) (district court in district of confinement has habeas jurisdiction over attack on another state's detainer); *Norris v. Georgia*, 522 F.2d 1006, 1010 (4th Cir. 1975) (district court in district of confinement has habeas jurisdiction to alleviate adverse effect of another state's illegal detainer on conditions of prisoner's confinement in that district).[2] Nevertheless, we affirm the dismissal without prejudice because Parette has never presented his challenge to the Louisiana detainer to a Louisiana state court. *See Braden*, 410 U.S. at

1. The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas. The parties agreed to proceed with this case before a magistrate judge pursuant to 28 U.S.C. § 636(c).

2. The magistrate judge, however, could have transferred the petition to a district court in Louisiana on forum non conveniens grounds. *See Braden*, 410 U.S. at 499 n. 15, 93 S.Ct. at 1132 n. 15; *Weatherford v. Gluch*, 708 F.Supp. 818, 819–21 (E.D.Mich.1988).

489–90, 93 S.Ct. at 1126–27 (state prisoner must exhaust all available state remedies before filing habeas petition attacking out-of-state detainer); *Breeze v. Trickey*, 824 F.2d 653 (8th Cir.1987) (same). Thus, he has failed to exhaust state remedies and his petition was properly dismissed without prejudice. *See Breeze*, 824 F.2d at 655.

Accordingly, we affirm the judgment.