**Donald G. WHATLEY, Appellant,**

v.

**Paul J. MORRISON, Michael Groose, Appellees.**

**No. 91–3165.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1991.

Decided Oct. 25, 1991.

Donald G. Whatley, pro se.

Frank A. Jung, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before McMILLIAN, Circuit Judge, and HEANEY and HENLEY, Senior Circuit Judges.

McMILLIAN, Circuit Judge.

Donald G. Whatley appeals the dismissal with prejudice of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Whatley argues that he is entitled to dismissal of a Kansas indictment forming the basis of a detainer lodged against him under the Interstate Agreement on Detainers Act (IADA). For the following reasons, we grant Whatley's application for certificate of probable cause, affirm the judgment of the district court in part and reverse in part, and remand the case to the district court with directions.

Whatley was convicted on two counts of first degree armed robbery and two counts of armed criminal action in the Circuit Court for Jackson County, Missouri. He was then convicted on one count of armed robbery and one count of armed criminal action in the Circuit Court for Randall County, Missouri. He is currently serving his sentences, amounting to forty-four years, at the Jefferson City Correctional Center in Jefferson City, Missouri.

Shortly after his incarceration, authorities in Johnson County, Kansas, and Wyandotte County, Kansas, each lodged detainers against Whatley under the IADA. The detainers were based on indictments pending in the two counties. In 1988 Wyandotte County initiated proceedings to dispose of its detainer under Article IV of the IADA. Missouri authorities returned Whatley to Wyandotte County for disposition of his case. At that time, Johnson County made no effort to obtain custody of Whatley because the State of Missouri had failed in its duty under Article IV to notify Johnson County that Whatley would be returned to Kansas.

Whatley filed a petition for writ of habeas corpus in the district court arguing that under Article IV of the IADA he is entitled to dismissal of the Johnson County charges and invalidation of the detainer. The district court dismissed Whatley's petition with prejudice, holding that Whatley must exhaust his state court remedies before seeking federal habeas relief. *Whatley v. Morrison,* No. 91–0191–CV–W–9–P (W.D.Mo. July 9, 1991) (order).

■ A state prisoner must exhaust all available state remedies before filing a federal habeas petition attacking an out-of-state detainer. *Parette v. Lockhart,* 927 F.2d 366, 367 (8th Cir.1991), *citing Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In the instant case Whatley must, at a minimum, move the state court to dismiss the charges against him. *See State v. Keener,* 224 Kan. 100, 577 P.2d 1182 (1978). Therefore, we affirm that part of the district court's opinion holding that Whatley must exhaust state remedies before seeking federal habeas relief.

■ When a district court dismisses a habeas petition for petitioner's failure to exhaust state remedies, however, the dismissal should be without prejudice. *Feeney v. Auger,* 808 F.2d 1279 (8th Cir.1986).

Accordingly, we grant Whatley's application for certificate of probable cause, affirm the decision of the district court in part, reverse in part, and remand to the district court with directions to amend the order dismissing Whatley's petition for writ of habeas corpus to be without prejudice.